**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Local 640 Trustees of IBEW and Arizona Chapter NECA Health and Welfare Trust Fund,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA Health and Life Insurance Company,<br><br>Defendant. | No. CV-20-01260-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant Cigna Health and Life Insurance Company's Motion for Leave to File Confidential Information Under Seal (the "Motion to Seal") (Doc. 19, "Mot."), to which Plaintiff filed a Response (Doc. 21, "Resp.") and Defendant filed a Reply (Doc. 22, "Reply").

**I.**

On September 14, 2020, Defendant filed a Motion to Dismiss and Compel Arbitration (the "Motion to Dismiss"), which included a Declaration of Brett Boskiewicz (the "Boskiewicz Declaration"). (Doc. 18.) Defendant requests to file under seal an unredacted version of Exhibit A and unredacted portions of Exhibits B, C, D, E, and F to the Boskiewicz Declaration, as well as the portions of the Motion to Dismiss which quote or reference the allegedly confidential portions of those exhibits. (Mot. at 2.) Initially, it appeared that Plaintiff did not oppose Defendant's request as to financial information contained in the parties' Administrative Services Only Agreement (the "ASO

Agreement"), but Plaintiff's Response indicates it opposes the Motion in its entirety. (Resp. at 2.) Defendant has since publicly filed an unredacted version of the Motion to Dismiss and Exhibits D, E, and F to the Boskiewicz Declaration with all redactions completely removed. (Doc. 23; Reply, Attach. 2 ("West Declaration") ¶¶ 7–8, Exs. D, E, F.) Defendant also filed new versions of Exhibits A, B, and C with fewer redactions in an attempt to narrowly tailor its request. (West Declaration ¶¶ 4–6, Exs. A, B, C.) Further, Defendant maintains the redacted information is not relevant to the resolution of the Motion to Dismiss. (Doc. 22 at 6.)

## II.

Generally, the Court's analysis regarding a motion to seal begins with a "strong presumption in favor of [public] access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (The public has a general right of access "to inspect and copy . . . judicial records and documents."). A party must demonstrate "compelling reasons" to seal a dispositive motion or its exhibits. *Kamakana*, 447 F.3d at 1179. Under the "compelling reasons" standard, the moving party bears the burden of "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal citations and quotations omitted); *see also* Loc. R. Civ. P. 5.6(b) (requiring "a clear statement of the facts and legal authority justifying the filing of the document under seal").

"Compelling reasons" include information that may "become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Id.* at 1179; *Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."). A trade secret consists of "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Bowser, Inc. v. Filters, Inc.*, 398 F.2d 7, 9 (9th Cir. 1968) (internal

quotations omitted). The moving party must specifically identify "where in the documents confidential financial information and trade secrets are to be found." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). General allegations of privilege, "without further elaboration or any specific linkage with the documents," do not satisfy the moving party's burden. *Kamakana*, 447 F.3d at 1184.

### III.

As the moving party, Defendant must articulate a compelling reason and provide specific factual support for sealing each document. *Kamakana*, 447 F.3d at 1179. In the Motion to Seal, Defendant contends the ASO Agreement "contains confidential business information and proprietary rate information." (Mot. at 2.) This information, Defendant says, tends to give it an advantage when negotiating with other prospective clients. (*Id.*) In response, Plaintiff contends Defendant "has made no particularized showing concerning the materials it seeks to hide from public view." (Resp. at 6.) Plaintiff further alleges that the Motion to Seal "fails to even discuss the exhibits, much less provide a detailed exhibit-by-exhibit explanation of how Cigna will be harmed by disclosure." (*Id.*)

Considering just Defendant's Motion to Seal, the Court tends to agree with Plaintiff. Indeed, Defendant's statements in the Motion to Seal, "without any further elaboration or any specific linkage with the documents," are insufficient to satisfy Defendant's burden. *See Kamanaka*, 447 F.3d at 1184. But Defendant, in reply and upon learning that Plaintiff opposed its entire motion, offers additional factual support. The Court now addresses whether that support is sufficient to satisfy the "compelling reasons" standard.

### A. Exhibits A, B, and C

Exhibit A is a redacted version of the ASO Agreement, and Exhibits B and C are correspondences which quote portions thereof. (West Declaration, Ex. A, B, C.) In its Reply, Defendant argues the ASO Agreement should be sealed because it contains "competitively sensitive material, which, if disclosed, would be harmful to Cigna." (Reply at 3–4.) Defendant offers as factual support the Supplemental Declaration of Bonnie Evelyn in Support of Cigna's Motion to Seal ("Evelyn Declaration") (Reply, Attach. 2

("Evelyn Declaration").) The Evelyn Declaration explains the ASO Agreement contains "information regarding the various rates clients would pay to Cigna, prices and offerings for various drugs and products," and "the design and mechanics" of Defendant's services. (*Id.* at ¶ 4.) The Evelyn Declaration further contends that "competitors and others in the industry" might use this information to "undercut Cigna's rates or copy the services and programs Cigna provides," and that Defendant's other clients could use the information in negotiations with Defendant or its competitors. (*Id.* at ¶¶ 6–8.)

Considering the foregoing, the Court finds that Defendant has met its burden to show that compelling reasons justify sealing Exhibit A. The redacted portions of Exhibit A include a Schedule of Financial Charges, which sets forth "[c]ertain fees and charges [that] will be billed to the Fund" and information pertaining to a "Medical and Pharmacy Cost Containment" program. (West Declaration, Ex. A at 13, 19, 20.) And Defendant has sufficiently shown that revealing its rates, programs, and services might harm its competitive standing. (Evelyn Declaration ¶¶ 6–9.) *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("[P]ublication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption [in favor of public access]."). Moreover, the public does not have a strong interest in viewing the redacted information because it is not relevant to the resolution of the Motion to Dismiss.* And the Court notes that Defendant has filed redacted versions of the exhibits which further limits harm done to the public. Because Defendant provides a compelling reason supported by specific factual findings, the Court grants the Motion to Seal as to Exhibit A.

Defendant contends that Exhibit B contains a "direct screenshot of the Schedule of Financial Charges," which is set forth in the ASO Agreement. (Evelyn Declaration ¶ 10.) Because the Schedule of Financial Charges contains information that constitutes a trade secret, the Court finds Defendant has also carried its burden with respect to Exhibit B.

---

* To be sure, Defendant's argument in the Motion to Dismiss is that Plaintiff's claims are "subject to mandatory and binding arbitration" under the terms of the ASO Agreement. (Doc. 23 at 6.) The redacted information does not pertain to the arbitration provision.

Similarly, Defendant argues that Exhibit C contains "several direct quotations of [Defendant's] rates and services, as well as calculations of discounts and fees derived from those rates." (Evelyn Declaration ¶ 11.) As discussed, that information constitutes a trade secret such that a compelling reason exists to seal the document. Accordingly, the Court grants the Motion to Seal as to Exhibit C.

### B. Exhibits D, E, and F

Defendant has publicly filed unredacted versions of Exhibits D, E, and F. (West Declaration ¶ 7.) Thus, it appears Defendant has abandoned its request to file the redacted portions of those exhibits under seal. To the extent Defendant still seeks to file Exhibits D, E, and F under seal, Defendant has not provided any specific factual basis for doing so. The Motion to Seal, Defendant's Reply, and the Evelyn Declaration only address Exhibits A, B, and C. Thus, the Motion to Seal is denied as to Exhibits D, E, and F.

### C. The Motion to Dismiss

Defendant originally moved to seal the portions of the Motion to Dismiss that quote or reference Exhibits A, B, C, D, E, and F to the Boskiewicz Declaration. Defendant has since publicly filed an unredacted version of their Motion to Dismiss. (*See* Doc. 23.) Thus, Defendant seems to have also abandoned its request as to the portions of the Motion to Dismiss that quote or reference the relevant exhibits. To the extent Defendant still seeks to file portions of the Motion to Dismiss under seal, Defendant has not provided a compelling reason to do so. Thus, the Motion to Seal to the extent of the portions of the Motion to Dismiss is denied.

### IV.

Accordingly,

**IT IS ORDERED granting in part** the Motion for Leave to File Confidential Information Under Seal (part of Doc. 19) as to Exhibits A, B, and C to the Boskiewicz Declaration. The Motion to Seal is denied in all other respects.

**IT IS FURTHER ORDERED** directing the Clerk of Court to file the unredacted version of Exhibit A, (currently lodged at Doc. 20, Attach. 1), and the unredacted versions

of Exhibits B and C, (currently lodged at Doc. 20, Attach. 2), under seal. The Clerk of Court shall file Defendant Cigna Health and Life Insurance Company's Motion to Dismiss and Compel Arbitration as well as Exhibits D, E, and F to the Boskiewicz Declaration, (currently lodged at Doc. 20), on the public docket.

Dated this 26th day of October, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge