J. Kenneth Kelley
RYAN, RAPP, UNDERWOOD & PACHECO
3200 N. Central Ave., Suite 2250
Phoenix, AZ 85012
State Bar No. 030183
kkelley@rrulaw.com
(602) 280-1000

Perrin Rynders
Aaron M. Phelps
Herman D. Hofman
Varnum LLP
P.O. Box 352
Grand Rapids, MI  49501-0352
prynders@varnumlaw.com
amphelps@varnumlaw.com
hdhofman@varnumlaw.com
(616) 336-6000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Board of Trustees of IBEW Local No. 640 and Arizona Chapter NECA Health and Welfare Trust Fund, as fiduciary of its welfare benefit Plan, | Case No. CV-20-01260-PHX-MTL |
| Plaintiff, | Hon. Michael T. Liburdi |
| v | |
| CIGNA Health and Life Insurance Company, | **RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION** |
| Defendant. | |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.      INTRODUCTION ............................................................................................ 1

II.     BACKGROUND ............................................................................................. 2

       A.      THE FUND, BOARD, AND PLAN ARE SEPARATE ENTITIES ............................ 2

       B.      THE ERISA CLAIMS BROUGHT ON BEHALF OF THE PLAN ARE UNRELATED TO CIGNA'S ASO AGREEMENT ................................................ 3

III.    LAW AND ARGUMENT ................................................................................ 5

       A.      CIGNA BEARS THE BURDEN OF ESTABLISHING THAT ITS ARBITRATION AGREEMENT COVERS THIS DISPUTE. .................................. 5

       B.      CIGNA'S ARBITRATION PROVISION DOES NOT APPLY TO THIS DISPUTE ............................................................................................... 6

              1.      Cigna's arbitration provision does not apply to the Board's derivative claims asserted on behalf of the Plan, which is not a party to any arbitration agreement ........................................ 6

              2.      The Plan's ERISA claims fall outside Cigna's narrow arbitration provision ..................................................................... 10

              3.      Cigna's motion stretches its arbitration provision beyond its limits and distorts the Plan's well-pleaded claims ........................ 13

VI.     CONCLUSION ............................................................................................... 17

i

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88 (4th Cir. 1996) ......12

*Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320 (9th Cir. 2015) ......................................5

*CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165 (3d Cir. 2014) ......................11, 12, 13, 17

*Cavlovic v. J.C. Penney Corp., Inc.*, 884 F.3d 1051 (10th Cir. 2018) ........................................15

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000).............................5

*Comer v. Micor*, 436 F.3d 1098  (9th Cir. 2006) ..................................................................6, 10

*Cousins v. Lockyer*, 568 F.3d 1063 (9th Cir. 2009) ..................................................................3

*Dorman v. Charles Schwab Corp.*, 780 F. App'x 510 (9th Cir. 2019) ......................................8, 9

*E.E.O.C. v. Waffle House*, 534 U.S. 279 (2002) ........................................................................13

*Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283 (11th Cir. 2011).......................................17

*Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914 (9th Cir. 2011) ..........................................14

*Granite Rock Co. v. Int'l Bd. of Teamsters*, 561 U.S. 287 (2010)................................................5

*Holick v. Cellular Sales of N.Y., LCC*, 802 F.3d 391 (2d Cir. 2015) .........................................15

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002) .........................15

*Johnson v. Couturier*, 572 F.3d 1067 (9th Cir. 2009) .................................................................4

*Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) .............................................2

*Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995).........................................14

*Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042 (9th Cir. 2009) ........................................5, 14

*Munro v. University of Southern California*, 896 F.3d 1088 (9th Cir. 2018)................7, 8, 9, 10

*Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064 (2013).....................................................15

*Oxy-Health, LLC v. H2 Enterprise, Inc.*, No. CV 18-4066, 2019 WL 6729646 (C.D. Cal. July 31, 2019) ..........................................................................................................13

*Ramos v. Natures Image, Inc.*, No. CV 19-7094, 2020 WL 2404902 (C.D. Cal. Feb. 19, 2020) ......................................................................................... 7, 8, 9, 10

*Seagal v. Vorderwuhlbecke*, 162 F. App'x 746 (9th Cir. 2006) .................................................13

*Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292  (9th Cir. 1994) ......................14

*Volt Info. Scis.*, 489 U.S. at 478 ...........................................................................................5

*Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468 (1989) ...........................................................................................................................5

*Zenger-Miller, Inc. v. Training Team, GmbH*, 757 F. Supp. 1062  (N.D. Cal. 1991) ...............13

## **<u>Statutes</u>**

29 U.S.C. § 1109 ...............................................................................................................2, 8

29 U.S.C. § 1110(a) ...............................................................................................................4

29 U.S.C. § 1132(a)(2) ........................................................................................................2, 8

9 U.S.C. § 4 ...........................................................................................................................5

ERISA § 409 ......................................................................................................................2, 9

ERISA § 502(a)(2) ........................................................................................................passim

Plaintiff, Board of Trustees of IBEW Local No. 640 and Arizona Chapter NECA Health and Welfare Trust Fund, ("Board") as fiduciary of its welfare benefit Plan ("Plan"), hereby responds to Defendant CIGNA International Health Insurance Company's ("Cigna") Motion to Dismiss and Compel Arbitration and requests that the Court deny the same. Plaintiff's response is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

A court may only compel arbitration if an agreement to arbitrate exists between the relevant parties, and then only if the dispute falls within the scope of that agreement. Cigna's motion satisfies neither requirement.

First, it is the Plan that owns the claims raised by the Board, and the Plan never agreed to Cigna's arbitration provision. Consistent with this fact, Cigna's narrow arbitration provision does not even purport to cover the Plan.

Second, the Plan's statutory claims under ERISA fall outside the arbitration provision's limited scope. Cigna's arbitration provision only covers claims arising out of or relating to the interpretation or performance of Cigna's ASO Agreement. The Plan's claims have nothing to do with Cigna's ASO Agreement; they neither require an interpretation of Cigna's obligations under that Agreement nor challenge Cigna's performance of those obligations. Instead, Cigna violated preexisting statutory duties of a fiduciary by: (1) collecting and keeping millions of dollars in undisclosed fees from Plan assets; (2) submitting false reports to the Plan and its fiduciaries; (3) paying grossly

1

inflated and fraudulent healthcare claims from Plan assets; and (4) concealing its wrongdoing from the Plan, Plan beneficiaries, and Plan participants.  This case is not about enforcing the ASO Agreement; it is about enforcing Cigna's distinct, preexisting statutory obligations under ERISA to: (1) act only in the interest of the Plan and its participants and beneficiaries; (2) disclose all material information to the Plan accurately and completely; and (3) charge and receive only reasonable and necessary fees.  Cigna's motion to compel arbitration should be denied.

## II.   BACKGROUND

### A.   THE FUND, BOARD, AND PLAN ARE SEPARATE ENTITIES.

Cigna conflates the Fund, Board, and Plan.  The three entities are separate, however, with different roles.  Compl. at 2 (Doc. #1).  The Board has standing as a fiduciary under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), to seek redress for violations of ERISA § 409, 29 U.S.C. § 1109.  *Id.*  But the Board brings those claims derivatively, on behalf of the Plan, to recover for injuries sustained by the Plan.  *Id.*; *see also Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985) ("[R]ecovery for a violation of § 409 inures to the benefit of the plan as a whole.").  The Plan is not a party to Cigna's ASO Agreement.  See Exhibit A to Cigna Br., ASO Agreement.

Separate from the Plan, the Fund is the mechanism through which the Board administers the Plan healthcare benefits employer-members promise their unionized employees, as contemplated by the Taft-Hartley Act.  Compl. at 2 (Doc. #1).  The Fund is a party to the ASO Agreement because Cigna was hired to actually administer the healthcare claims, but the Fund is not a party to this lawsuit.  *See id.*

2

**B.**   **THE ERISA CLAIMS BROUGHT ON BEHALF OF THE PLAN ARE UNRELATED TO CIGNA'S ASO AGREEMENT.**

According to Cigna's arbitration provision, "any dispute between the Parties arising from or relating to the performance or interpretation of this Agreement . . . shall be resolved exclusively pursuant to . . . mandatory dispute resolution procedures." Ex. A to Cigna Br., ASO Agreement, at 8. The "Parties" to the ASO Agreement are Cigna and the Fund. *Id.* at 3. The Plan is not a party to the ASO Agreement. *See id.*

Aware of its burden in this case, Cigna asserts in conclusory fashion that this dispute concerns "Cigna's calculation of certain cost-containment fees that Cigna charged" under the ASO Agreement with the Fund. Cigna Br. at 1, 6 (Doc. # 23). But that is not true. Cigna mischaracterizes the Plan's claims, and as the master of its Complaint the Board is not seeking a better "calculation of fees" or enforcement of Cigna's contractual obligations to the Fund.

Instead, the Complaint raises claims about Cigna's scheme to enrich itself with Plan assets by: (1) absconding with Plan assets by paying itself millions in undisclosed fees in addition to Cigna's administrative fee; (2) submitting intentionally misleading reports to the Plan and its fiduciaries; (3) paying grossly inflated and fraudulent healthcare claims to providers from Plan assets; and (4) intentionally concealing all of its wrongdoing from the Plan, its fiduciaries, and participants. Compl. at 11-22 (Doc. #1). None of these ERISA violations turns on the meaning of the ASO Agreement. Cigna's brief ignores these well-pled factual allegations, which this Court must take as true and construe in the light most favorable to the Plan. *Cousins v. Lockyer*, 568 F.3d 1063, 1067

3

(9th Cir. 2009) (at the pleading stage, well-pled factual allegations "are taken as true and construed in the light most favorable to the nonmoving party.").

In this case, the Plan has no need to enforce the ASO Agreement or take advantage of its terms. The rights to be protected arise under ERISA, and Cigna cannot contract out from its concomitant fiduciary duties. *See Johnson v. Couturier*, 572 F.3d 1067, 1080 (9th Cir. 2009) ("If an ERISA fiduciary writes words in an instrument exonerating itself of fiduciary responsibility, the words, even if agreed upon, are generally without effect.") (citation and quotation marks omitted); 29 U.S.C. § 1110(a) ("[A]ny provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy."). If relief depended upon an interpretation of the ASO Agreement, under a breach of contract theory, this action would have been brought by the Fund.

The Complaint does not even mention the ASO Agreement, which Cigna admits. Cigna Br. at 1 (Doc. #23). Instead, the Plan asks this Court to enforce Cigna's preexisting, independent statutory obligations under ERISA to: (1) act only in the interest of the Plan and its participants and beneficiaries; (2) inform and disclose all material information to the Plan in an accurate and complete manner; and (3) charge and receive only reasonable and necessary fees. Compl. at 15-22 (Doc. #1). None of those obligations arise out of or relate to the Cigna's ASO Agreement. That Cigna feels the need to recast the nature of this dispute proves that the issues in this case do not arise from or relate to the performance or interpretation of the ASO Agreement. Cigna's motion should be denied.

4

### III.   LAW AND ARGUMENT

**A.   CIGNA BEARS THE BURDEN OF ESTABLISHING THAT ITS ARBITRATION AGREEMENT COVERS THIS DISPUTE.**

"[T]he FAA does not confer a right to compel arbitration of any dispute at any time." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474-75 (1989) (quoting 9 U.S.C. § 4) (emphasis in original).  Instead, arbitration "is a way to resolve those disputes – *but only those disputes* – that the parties have agreed to submit to arbitration."  *Granite Rock Co. v. Int'l Bd. of Teamsters*, 561 U.S. 287, 299 (2010) (citation and quotation marks omitted).  The FAA "does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement." *Volt Info. Scis.*, 489 U.S. at 478 (internal citations omitted).

Deciding Cigna's motion requires answering two questions: (1) whether the parties entered into a valid agreement to arbitrate, and if so (2) whether the present claims fall within the scope of that agreement.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  Cigna bears the burden of proof.  *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citation omitted).  And when answering these two questions, courts "apply general state-law principles of contract interpretation." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009).

Although there is a federal policy favoring arbitration, it "does not apply if contractual language is plain that arbitration of a particular controversy is not within the

5

scope of the arbitration provision." *Id.* at 1044.  Likewise, "the liberal federal policy favoring arbitration agreements" is "inapposite" to the determination of "whether a particular party is bound by the arbitration agreement." *Comer v. Micor*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006) (citation omitted)).

**B.**   **CIGNA'S ARBITRATION PROVISION DOES NOT APPLY TO THIS DISPUTE.**

Cigna's arbitration provision is inapplicable to this dispute because (1) no arbitration agreement exists between the Plan and Cigna; and in any event (2) the Plan's ERISA claims fall outside the scope of Cigna's narrow arbitration provision.

**1.**   **Cigna's arbitration provision does not apply to the Board's derivative claims asserted on behalf of the Plan, which is not a party to any arbitration agreement.**

Cigna's arbitration provision is inapplicable because the Board's Complaint asserts ERISA claims derivatively on behalf of the Plan, which never agreed to arbitrate any claims or waive its rights to pursue legal and equitable remedies in court.

Cigna acknowledges that the Board's Complaint asserts statutory claims under ERISA "on behalf of its welfare benefit plan," not on the Board's own behalf.  Cigna Br. at 1 (Doc. # 23).  The Board's Complaint seeks recovery for Cigna's injuries to the Plan as a whole.  Compl at 24-27 (Doc. #1).

Cigna glosses over this important point by citing the truism that ERISA claims are generally arbitrable.  Cigna Br at 10 (Doc. #23).  First, the arbitrability of a particular claim begs the question whether the party pursuing that claim actually agreed to arbitrate it.  Second, there is an exception to the general rule that ERISA claims are arbitrable: that general rule does not apply when the ERISA claims involve breaches of fiduciary

6

duty under ERISA § 502(a)(2) belonging to a plan. *See Munro v. University of Southern California*, 896 F.3d 1088, 1092-94 (9th Cir. 2018); *Ramos v. Natures Image, Inc.*, No. CV 19-7094, 2020 WL 2404902, at *6 (C.D. Cal. Feb. 19, 2020) ("[T]he Ninth Circuit has created an exception for ERISA claims for breach of fiduciary duty . . . [where] under Supreme Court precedent, the claims technically belong to the plan."). That exception applies here. Cigna's reference to the general arbitrability of ERISA claims does not apply.

The Ninth Circuit reiterated this exception in *Munro v. University of Southern California*, 896 F.3d 1088, 1094 (9th Cir. 2018), a published, binding decision that Cigna fails to discuss or distinguish. *See* Cigna Br., (Doc. # 23). *Munro* held that claims asserted on behalf of a plan under ERISA § 502(a)(2) are not arbitrable where the plan is not a party to the arbitration agreement and the arbitration agreement's scope does not otherwise cover the plan. *Id.* at 1094. Like the Board in this case, the plaintiffs in *Munro* brought claims on behalf of plans against the defendant for multiple breaches of ERISA fiduciary duties in the administration of those plans. *Id.* at 1090. And like Cigna here, the defendant in *Munro* moved to compel arbitration, arguing that arbitration agreements signed by the plaintiffs barred them from litigating their claims on behalf of the plan. *Id.* at 1090-91. The plaintiffs in *Munro* had agreed "to arbitrate all claims that either the Employee or [the university] has against the other party to the agreement." *Id.* at 1092.

Despite that agreement, the district court denied the defendant's motion, and the Ninth Circuit affirmed. The Ninth Circuit held that the arbitration agreements did not cover the plaintiffs' ERISA claims. *Id.* at 1094. The Court of Appeals reasoned that the

plaintiffs brought their ERISA claims derivatively on behalf of the plan for injuries done to the plan, which was not a party to the arbitration agreement. *Id.* at 1093-94. Moreover, the arbitration agreement could not be extended to cover the plan's claims because of the Supreme Court's "longstanding recognition" that the plan, not the parties bringing suit on behalf of the plan, "benefit[ted] from a winning claim for breach of fiduciary duty." *Id.*

*Munro*'s reasoning was reinforced by *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510, 514 (9th Cir. 2019), a case Cigna cites, but not for the holding that matters. *Dorman* cuts against Cigna's position; it repeated *Munro*'s holding that ERISA breach of fiduciary duty claims "belong to a plan." *Id.* at 513. Accordingly, in deciding arbitrability of ERISA breach of fiduciary duty claims, "[t]he relevant question is whether the Plan agreed to arbitrate the § 502(a)(2) claims." *Id.* And while *Dorman* ultimately held the plaintiff's claims were arbitrable, that was only because "the Plan expressly agreed in the Plan document that all ERISA claims should be arbitrated." *Id.* at 513. By contrast, there is no arbitration agreement, much less one covering ERISA claims, signed by the Plan.

The Central District of California recently applied *Munro* and *Dorman*'s rulings in *Ramos v. Natures Image, Inc.*, No. CV 19-7094, 2020 WL 2404902 (C.D. Cal. Feb. 19, 2020), another case Cigna's brief neglects to mention. Like the Board here, the *Ramos* plaintiff brought claims for violations of ERISA, including breach of fiduciary duty under §§ 1109 and 1132(a). *Id.* at *1. Like Cigna's arbitration provision, the arbitration agreement relied on by the *Ramos* defendant provided that "to the fullest extent allowed

by law, any controversy, claim or dispute between you and the company . . . relating to or arising out this agreement . . . will be submitted to final and binding arbitration . . . ." *Id.*

Relying on *Munro* and *Dorman*, the *Ramos* court denied the defendant's motion to compel arbitration of the plaintiff's ERISA breach-of-fiduciary-duty claim, holding it was not arbitrable because it did not cover the plan. *Id.* at *7 ("Ultimately, because the Agreement does not cover the plan, Defendants cannot compel arbitration on the first claim."). The court reasoned that the "fiduciary duty claims under ERISA belong to the plan." *Id.* at *7. Because the plaintiff "only entered into an arbitration agreement with [the defendant], not with the plan," the parties' agreement did not cover the plan. *Id.* at *8. Accordingly, the agreement did "not properly include ERISA fiduciary breach claims" and the plaintiff's ERISA claims were "not subject to arbitration." *Id.* at *7.

*Munro*, *Dorman*, and *Ramos* squarely govern Cigna's motion. The Board's Complaint brings claims for breach of fiduciary duty under ERISA § 502(a)(2) for relief under ERISA § 409, akin to the plaintiffs in *Munro*, *Dorman*, and *Ramos*. Compl. at 10-11, 22-27 (Doc. #1). Like the plaintiffs in those cases, the Board also brings these claims derivatively, on behalf of the Plan for injuries to the Plan as a whole.[1] *Id.* at 1. The Board seeks financial and equitable remedies to benefit the Plan. *Id.* at 24-27 (seeking an

---

[1] That the plaintiffs in *Munro*, *Dorman*, and *Ramos* were participants of the plan, while the Board is a fiduciary of the plan, does not matter because the claims belong to the Plan, not the participant or fiduciary. *See Dorman*, 780 F. App'x at 513. The point is that the claims in those cases and in this case are all for breach of fiduciary duty under ERISA § 502(a)(2), for relief under ERISA § 409. In that context, the only relevant question is "whether the Plan agreed to arbitrate the § 502(a)(2) claims." *Dormon*, 780 F. App'x at 513; *see also Munro*, 896 F.3d at 1092.

accounting, restitution, and damages for the Plan).  Accordingly, the Board's claims belong to the Plan, and the only relevant question is "whether the Plan agreed to arbitrate the § 502(a)(2) claims."  *Dormon*, 780 F. App'x at 513; *see also Munro*, 896 F.3d at 1092.  Cigna "cannot arbitrate these claims without consent from the plan to arbitrate." *Ramos*, No. CV 19-7094, 2020 WL 2404902, at *7.

Cigna admits the Plan is not a party to the ASO Agreement.  *See* Cigna Br. at 8 (Doc. #23) ("[T]he Fund and Cigna knew and agreed to the arbitration provision.").  If it argues that the Board acted as the Plan's agent in entering into the ASO Agreement, such last gasp effort must fail.  *See* Restatement (Second) of Trusts § 8 ("An agency is not a trust."); *see also Comer*, 436 F.3d at 1102 (holding that trustees could not have "acted as [the plaintiff's] agents in entering into the investment management agreements" with plan administrator) (citation omitted).  No, Cigna's arbitration agreement only extends to disputes "between the Parties"–Cigna and the Fund.  Ex. A to Cigna Br., ASO Agreement, at 8.  As in *Munro*, "this language does not extend to claims that other entities have against [Cigna]."  *Id.* at 1092 (citation omitted).  Moreover, as in *Munro*, this Court "cannot interpret" this clause "to cover claims belonging to other entities." *Id.*

Accordingly, because Cigna's arbitration agreement does not cover the Plan or its independent, statutory claims under ERISA, Cigna cannot compel arbitration of the Board's ERISA claims asserted on behalf of the Plan.  *See Munro*, 896 F.3d at 1092.

   **2.     The Plan's ERISA claims fall outside Cigna's narrow arbitration provision.**

Cigna's motion is also meritless for another, independent reason: the Plan's statutory claims under ERISA fall outside the scope of Cigna's narrow arbitration provision. Nobody agreed to arbitrate claims arising out of Cigna's hidden fees and fraudulent billing schemes in violation of Cigna's independent fiduciary obligations under ERISA to the Plan, which are distinct from Cigna's separate contractual obligations to the Fund.

Cigna has already lost an attempt to compel arbitration of derivative ERISA claims. See *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165 (3d Cir. 2014). Like the Board in this case, in *CardioNet* the plaintiff healthcare providers sued Cigna on behalf of themselves and patients, alleging derivative claims for breach of fiduciary duty under ERISA. *See id.* As here, Cigna moved to compel arbitration, relying on a nearly identical arbitration clause in its provider contracts with the plaintiffs stating that "[d]isputes that might arise between the parties regarding the performance or interpretation of the Agreement" must be arbitrated. *Id.* at 173.

The district court granted Cigna's motion to compel arbitration, but the Third Circuit reversed. *Id.* at 179. As to its scope, the Third Circuit concluded that Cigna's arbitration provision "makes clear that only those disputes 'regarding the performance or interpretation of the Agreement' must be arbitrated." *Id.* at 173-74. Moreover, the *CardioNet* court held that the plaintiffs' direct <u>and</u> derivative claims fell outside the arbitration provision's scope because they "did not relate to the performance or interpretation of the parties' Agreement." *Id.* at 174. Instead, the plaintiffs' claims arose from Cigna's misrepresentations in documents distinct from the agreement and sought to

11

enforce Cigna's independent obligations under the plans and ERISA. *Id.* at 175-77. The agreement between Cigna and the providers was therefore not a "factual predicate" to the plaintiff's claims and the agreement's arbitration provision did not apply. *Id.* at 175.

The Third Circuit's decision in *CardioNet* is on all fours with this case. Cigna is trying to enforce a nearly identical arbitration provision to the one in *CardioNet*–one applying to "any disputes arising out of or relating to the performance or interpretation of the Agreement." Ex. A to Cigna Br., ASO Agreement, at 8. As the Third Circuit held in *CardioNet*, this provision's language is "clear" and only covers a "narrower set of disputes" relating to "the Agreement's performance and interpretation." *CardioNet*, 751 F.3d at 173-74; *see also Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 92-93 (4th Cir. 1996) (arbitration provision for dispute "related to the interpretation and performance of the contract itself" is narrow).

Moreover, like the *CardioNet* plaintiff's ERISA claims, the Plan's ERISA claims in this case fall outside the scope of Cigna's arbitration provision. The *CardioNet* plaintiff's ERISA claims complained of Cigna's failure to cover certain outpatient services, a duty imposed by the Plan, not the parties' contract. *CardioNet*, 751 F.3d at 175. Similarly, here the Board's Complaint focuses on Cigna's <u>injuries to the Plan</u> and seeks to enforce Cigna's independent, statutory obligations under ERISA <u>to the Plan</u> to: (1) act only in the interest of the Plan's participants and beneficiaries; (2) inform and disclose all material information to the Plan in an accurate and complete manner; and (3) collect only reasonable fees. *See* Compl. at 8-10, 15-22 (Doc. #1). As Cigna admits, the Board's Complaint does not even mention the ASO Agreement once. Cigna Br. at 1 (Doc

#23) ("[T]he Board . . . fail[s] to mention the ASO Agreement in its Complaint at all."). And Cigna fails to accurately tie a single claim or factual allegation from the Board's Complaint to any specific provision in its ASO Agreement, much less establish a "significant relationship" between the two, as required to compel arbitration. *Seagal v. Vorderwuhlbecke*, 162 F. App'x 746, 748 (9th Cir. 2006). "Therefore, interpreting the Agreement is not required, or even useful, in resolving [this] derivative action." *CardioNet*, 751 F.3d at 177.

### 3.   Cigna's motion stretches its arbitration provision beyond its limits and distorts the Plan's well-pleaded claims.

Cigna's attempts to stretch the arbitration provision to cover the Plan's claims are unavailing. Cigna myopically focuses on the term "any dispute," but ignores the point that the "dispute" has to be about the "performance or interpretation of this Agreement," which unambiguously limits the scope of the arbitration provision to questions pertaining to the interpretation and performance of the ASO Agreement only. *See, e.g.*, *Oxy-Health, LLC v. H2 Enterprise, Inc.*, No. CV 18-4066, 2019 WL 6729646, at *4 (C.D. Cal. July 31, 2019) (under "Ninth Circuit precedents," words following broader language in arbitration provisions have a "limiting effect on the scope of the Agreement."); *Zenger-Miller, Inc. v. Training Team, GmbH*, 757 F. Supp. 1062, 1066 (N.D. Cal. 1991) (the seemingly broad clause "[a]ny controversy or claim arising out of, or related to, amounts due and owing" was significantly limited in scope by the words "amounts due and owing"). Read in context, Cigna's arbitration provision is limited to disputes regarding the interpretation and performance of the ASO Agreement. *See id.*

Cigna cannot ask this Court to re-write the plain terms of its arbitration provision. After all, Cigna drafted the provision and could have negotiated for different language. *See E.E.O.C. v. Waffle House*, 534 U.S. 279, 294 (2002) ("While ambiguities in the language of the agreement should be resolved in favor of arbitration, we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated.") (internal citations omitted); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995) ("[C]ourts are bound to interpret contracts in accordance with the expressed intentions of the parties–even if the effect of those intentions is to limit arbitration.").

Nor may Cigna prevail by making the "but for" argument that the arbitration provision applies because "without the ASO Agreement, there would be no contractual basis for Cigna to charge these cost-containment fees in the first place."  The Ninth Circuit has already rejected Cigna's "but-for" argument, concluding that "the fact that the [claim] would not have occurred 'but for' the parties' . . . agreement is not determinative." *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1296 (9th Cir. 1994). Where, as here, the Plan's claims do not require interpretation of the Agreement containing the arbitration provision, those claims are not subject to arbitration under arbitration clauses like the one at issue here.  *See Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 922 (9th Cir. 2011) (claims not subject to arbitration under arbitration clause extending to claims that "arise out of" or "relate to" the contract, even though dispute would not exist in the absence of the contract, because interpretation of the contract was not required to resolve plaintiff's claims).   Any "attenuated relation"

14

between Cigna's arbitration agreement and the parties' dispute is "irrelevant" to this Court's analysis.  *See Mundi*, 555 F.3d at 1045 ("Although there may be an attenuated relation between the . . . Agreement and the dispute between USLIC and Mundi, . . . this relation is irrelevant.").

Cigna's attempt to recast the Plan's claims as quibbling with "Cigna's calculation of certain cost-containment fees" under the ASO Agreement is similarly unavailing. Cigna Br. at 1, 6 (Doc. # 23).  "When considering whether claims fall within the scope of an arbitration clause," this Court must "analyze the factual allegations made in plaintiff's complaint," not adopt Cigna's self-serving canard.  *Holick v. Cellular Sales of N.Y., LCC*, 802 F.3d 391, 395 (2d Cir. 2015).  Each plaintiff is the "master of the Complaint," and the well-pleaded-complaint rule requires this Court to take the Complaint as it is written. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

The Complaint's factual allegations are straightforward and clear.  *See generally* Complaint (Doc. #1).  The Board, fulfilling its responsibility to uphold the Plan's ERISA rights, is not challenging Cigna's "calculation of fees" or seeking to enforce Cigna's contractual obligations to the Fund under the ASO Agreement.  Nor can the Board's Complaint be charitably read that way, given it does not even mention the ASO Agreement and makes clear that <u>Cigna's hidden fees scheme was undisclosed, as well as distinct from, and in addition to, any administrative fees Cigna charged.</u>[2]  *See, e.g. id.* at

---

[2] Cigna's attempt to inject policy concerns about a supposed "plead[ing] around" the arbitration provision is baseless.  There can be no end-run of an arbitration agreement when a party sues to enforce claims not covered by the arbitration clause.  Arbitration is a

11-12 (stating Cigna paid itself fees "on top of its regular administrative fees.").  Hidden fees schemes like Cigna's are not covered by arbitration provisions in general services contracts.  *See Cavlovic v. J.C. Penney Corp., Inc.*, 884 F.3d 1051, 1059-60 (10th Cir. 2018) (customer's claim of false and deceptive pricing was outside scope of arbitration clause providing that claims "arising out of or relating to" rewards program were subject to arbitration where claim arose from practice of falsely inflating prices and providing misleading impression of a discount, rather than rewards services program).  This is because Cigna's compliance or non-compliance with the ASO Agreement does not affect the Plan's claims.  *See id.* at 1060 (claims did not "arise out of or relate to" contract where "contractual compliance would not affect [plaintiff's] allegations").

Instead of being based on Cigna's contractual obligations to the Fund, the Plan's claims are governed by Cigna's independent fiduciary obligations under ERISA to the Plan and are focused on Cigna's hidden scheme to enrich itself with Plan assets by, among other things: (1) using Plan assets to pay itself millions in undisclosed fees on top of the disclosed administrative fees; (2) intentionally submitting misleading reports to the Plan's fiduciaries; (3) knowingly paying grossly inflated and fraudulent healthcare claims to providers from Plan assets; and (4) wrongfully concealing all of its illegal actions from the Plan, its fiduciaries, and its participants.  *See* Compl. at 11-21 (Doc. #1).  Cigna's attempt to have this Court ignore these well-pled, factual allegations and the nature of the Plan's claims in favor of Cigna's preferred reading must be rejected.  *See Cousins v.*

matter of contractual agreement and cannot be compelled as a matter of policy.  *See Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2070 (2013).

*Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (at the pleading stage, well-pled factual allegations "are taken as true and construed in the light most favorable to the nonmoving party.").

Finally, Cigna's reference to extrinsic communications to get around the narrow scope of its arbitration provision is a red-herring. Cigna Br. at 4-5. As Cigna admits, the referenced communications are between the Fund's attorney and a Cigna representative about the ASO Agreement. Cigna Br. at 4-5. The Fund obviously has rights under the ASO Agreement, but those rights do not negate the Plan's preexisting and independent statutory rights under ERISA, which are the rights that matter for purposes of Cigna's motion. *Cf. CardioNet*, 751 F.3d 165 (stating that the "right to pursue . . . ERISA claims in court . . . does not dissipate simply because the claim is brought by assignees who have promised to arbitrate certain direct claims they might bring against the defendant."). The Plan never consented to relinquish its statutory rights, or to not have them protected by a federal court. Like all red herring arguments, this one of Cigna is meritless.

Accordingly, the Board's claims fall outside the scope of Cigna's arbitration provision. *See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1288-89 (11th Cir. 2011) (arbitration agreement between employer and ERISA plan administrator did not govern ERISA claims under section 502(a)(2) against plan administrator where the agreement limited the scope of arbitrable matters to disputes relating to the provision of services under the contract).

## VI.   **CONCLUSION**

Cigna's attempt to compel arbitration of this dispute fails for two independent reasons.  First, because the Plan is not a party to Cigna's arbitration agreement, Cigna cannot compel arbitration of the Board's ERISA claims asserted on behalf of the Plan. Second, because the Plan's statutory ERISA claims arise out of Cigna's hidden fees and fraudulent billing schemes, they fall outside the scope of Cigna's narrow arbitration provision covering only those disputes relating to the ASO Agreement's performance and interpretation.  Cigna's Motion must be denied accordingly.

Respectfully submitted,

RYAN, RAPP, UNDERWOOD & PACHECO

Dated:  November 13, 2020

By: _/s/ J. Kenneth Kelley_____
J. Kenneth Kelley
State Bar No. 030183
Attorneys for Plaintiff
3200 N. Central Ave., Suite 2250
Phoenix, AZ 85012
kkelley@rrulaw.com
(602) 280-1000


VARNUM LLP

Perrin Rynders
Aaron M. Phelps
Herman D. Hofman
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
prynders@varnumlaw.com
amphelps@varnumlaw.com
hdhofman@varnumlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2020, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Dmitriy Tishyevich    Dtishyevich@mwe.com

John C West    jwest@lrrc.com, awhite@lrrc.com, lcheeseman@lrrc.com

Joshua B Simon    Jsimon@mwe.com, edellon@mwe.com, NewYorkDocketing@mwe.com

Richard W Nicholson , Jr    Rnicholson@mwe.com

Warren Haskel    Whaskel@mwe.com

/s/ J. Kenneth Kelley